## PEOPLE v. WHEELOCK.

### Cr. No. 806; March 31, 1902.

#### 68 Pac. 579.

**Homicide—Evidence—Sufficiency.—The External Marks and Bruises** about deceased, who was an old woman, living alone, and the condition of her clothing and person, showed she was strangled in resisting a rape. The circumstantial evidence against accused showed his presence at deceased's home; and a witness stated that accused, who had been drinking, said repeatedly that he proposed to sleep with deceased that night, or choke her to death, and on leaving witness he went in the direction of her house. Accused relied on his uncorroborated evidence, with testimony to discredit such witness. Held, sufficient to justify a conviction for the murder of deceased.

APPEAL from Superior Court, Butte County; John C. Gray, Judge.

James F. Wheelock was convicted of murder and he appeals. Affirmed.

George E. Gardner for appellant; Tirey L. Ford, attorney general, for the people.

HENSHAW, J.—The defendant was convicted of the murder of Emily Martin, and by the verdict of the jury the death penalty was decreed. An appeal was taken to this court upon July 17, 1901. The case has twice been upon the calendar of the court, but no brief has been filed in support of the appeal, nor has there been any appearance by appellant's counsel. Without such assistance, we have, therefore, been left the specifications of errors alone. These, with the whole record, have been given the consideration which the gravity of the case demands; but, after such consideration, we are unable to perceive any error entitling the defendant to a new trial. Mrs. Martin was an aged woman, of nearly seventy years, living by herself in a little cabin. She was found in her home, dead. The external marks and bruises about her face and throat pointed to strangulation as the cause of death, and this was confirmed by the autopsy. In addition, the condition of her clothing and person gave every indication that she had met her death in resisting a rape. The circumstantial evidence against defendant showed his presence at the home of Mrs. Martin at this time, and never after his visit was she seen alive. But the evidence against the defendant was not wholly circumstantial. There is the direct testimony of one witness that the defendant, who had been drinking, said, and said repeatedly, that he proposed that night to sleep with Mrs. Martin, or choke her to death; that he would not be dissuaded from his horrible purpose, and, when he left the witness, it was to go to Mrs. Martin's house. The defense as to the main issue consisted in the uncorroborated testimony of the defendant himself, denying his presence at Mrs. Martin's cabin, coupled with testimony tending to discredit the veracity of the witness who testified to the defendant's declaration of his purpose.

Upon consideration of the whole case, the evidence was sufficient to justify the verdict of the jury, and the judgment and order appealed from are therefore affirmed.

We concur: McFarland, J.; Garoutte, J.; Van Dyke, J.; Temple, J.